The opinion of the Court was delivered by
WhitNeb, J.
The disability of the plaintiff to maintain this suit because of her intermarriage, pending the suit, was properly subject-matter for plea in abatement. To this plea, the plaintiff replied the previous appointment of an attorney under her hand and seal, to prosecute her suit under the provisions of the Act of 1712.
The case at this stage presented an exact analogy to the case of Guphill vs. Isbell, 2 Bail. 349, wherein the points are fully considered and the practice settled. Upon the authority of that case, this plea was properly overruled at a preceding term.
By the plea and replication, the allegation and admission of an intermarriage pendente lite became a part of the record upon which the judgment of the Court has been had.
At a subsequent term, the defendant filed a second plea in abatement, touching the disability of the plaintiff to maintain her suit, -alleging in this plea her intermarriage with a different person before the commencement of the suit, and the single inquiry now presented is, whether this is admissible.
The previous statement suggests the objection, that the judgment of the Court has been asked and obtained substantially between the same parties and upon the same matter in . *198 this same case. It is not pretended that the plaintiff was at one and the same time the wife of two husbands. The second plea would be frivolous unless, in conformity with prescribed form, it alleges the continued coverture in virtue of the former marriage, and such an allegation is inconsistent and directly at variance with that set forth in the former plea.
The nature and design of a plea in abatement is to have a better writ, the effect being only to suspend the right of action and not to destroy it; hence the general rule, that if the defendant plead in abatement, he ought to- give a better writ to the plaintiff, 1 Com. Dig. Abatement, 1.1; and though there be exceptions, pleas of the description now under consideration are not included. The course of pleading now attempted by the defendant would be delusory. If allowed, it may be not only vexatious, but utterly subversive of justice. The entire alphabet may be exhausted if such pleas be permitted to succeed each other. According to the authorities derived from all approved pleaders, there is an order to be observed in such pleas, according .to the several classes within which they fall.
A man shall not plead two pleas in abatement, being each in the same degree, though it is said, one after the .other he may, if in different degree: as if he pleaded to the person of the plaintiff, and that be overruled, he may plead to the writ; or it would seem in the same degree: when the subject of the second has arisen since the first, 1 Com. Dig. I. 3,1. 4, p. 137; or even after issue joined, if the matter subsequently arises puis darrein continuance. 1. Chit. Plead. (437) 320.
To this Court, it appears that the motion now renewed should have been granted on circuit, and it is accordingly ordered that the plea in abatement last filed by the defendant be stricken out.
Wardlaw, Withers, G-lover, and MuNRO, JJ., concurred.

Motion granted.